UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW VIRDEN, | ) | CASE NO. 5:24-cr-189 |
| | ) | CASE NO. 5:25-cv-1628 |
| Defendant-Petitioner, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Plaintiff-Respondent. | ) | |

Before the Court is Defendant-Petitioner Matthew Virden's ("Virden") *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 36.) The United States of America ("government") opposed (Doc. 44), and the matter is ripe for review. For the reasons stated herein, Virden's Motion is DENIED.

**I.    BACKGROUND**

On May 30, 2024, a federal grand jury returned a four-count Indictment charging Virden with the following offenses: Distribution of a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 1); Possession with Intent to Distribute Controlled Substance in violation of §§ 841(a)(1) and (b)(1)(C) (Counts 2, 3); and Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1) (Count 4). (Doc. 9, Indictment.)

A.   **Binding Plea Agreement and Change of Plea Hearing**

On October 1, 2024, Virden pleaded guilty to all counts pursuant to a binding Rule 11(c)(1)(C) plea agreement. (Doc. 28, Plea Agreement.) The plea agreement set forth, among other things, the statutory penalties, a stipulated offense level computation, appeal waiver (with reservation of appeal rights), and Virden's satisfaction with defense counsel.[1] (*Id.*). The parties stipulated to a base offense level of 26 pursuant to U.S.S.G. § 2D1.1(c)(7) and the two-level specific offense characteristic for possessing a firearm pursuant to § 2D1.1(b)(1). (*Id.* at 172-73.)[2] There was no agreement as to Virden's Criminal History Category. (*Id.* at 173.) Notwithstanding, the total agreed-upon term of incarceration was 70 months. (*Id.* at 172.)

Virden was placed under oath at the beginning of the change of plea hearing. (Doc. 43, Change of Plea Tr., at 291.) Virden stated he discussed all the facts and circumstances surrounding his case with defense counsel. (*Id.* at 295.) When asked if he spoke with defense counsel "about the elements of the offenses and your possible defenses," Virden said, "Yes, Your Honor." (*Id.*) Consistent with the plea agreement, Virden reiterated being fully satisfied with his defense counsel's advice to him and representation of him. (*Id.*)

In addressing the voluntariness of his pleas, the following exchange occurred:

COURT:    And did you sign under the following representation to the Court . . ., that being that you've read the entire document, you've discussed it with your counsel, you've initialed each page to signify that you understand and approve of the provisions on that page, that you're entering into this agreement voluntarily and of your own free will with no threats having

---

[1] Virden also agreed to the forfeiture of $11,140 in U.S. Currency, a Sig Sauer .40 caliber pistol with magazine and ammunition, a 2017 GMC Acadia, and a 2023 Cadillac Escalade. (*Id*. at 169.)

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

|  |  |
|---|---|
|  | been made to you, nor were you under the influence of anything that could impair your ability to understand these terms? |
|  | Was that your representation? |
| VIRDEN: | Yes, Your Honor. |

(*Id.* at 296.)³  The Court inquired further:

| COURT: | No one has persuaded you or made any promises beyond what's in here to entice you to plead guilty, have they? |
|---|---|
| VIRDEN: | No, Your Honor. |
| COURT: | Has anyone threatened you to coerce you or coerced you to accept these terms? |
| VIRDEN: | No, Your Honor. |
| COURT: | So, your decision today is of your own free will? |
| VIRDEN: | Yes, Your Honor. |

(*Id.* at 297.)

Sentencing was addressed.  (*Id.* at 303-05.)  Virden acknowledged the Court alone determines the offense level calculation, his criminal history category, the corresponding advisory Guidelines range, and the appropriate sentence.  (*Id.* at 304.)  Because the parties presented a Rule 11(c)(1)(C) agreement, Virden acknowledged agreeing to a 70-month term of incarceration.  (*Id.* at 304-05.)  Defense counsel stated the plea agreement was fully discussed with Virden.  (*Id.* at 305.)

The prosecutor summarized the factual basis.  (*Id.* at 307-10.)  Virden acknowledged the factual basis and agreed the government could prove those facts – and therefore each element of

---

³ Virden signed the plea agreement under this specific representation on September 9, 2024. (Doc. 28 at 180.)  During the change of plea hearing on October 1, 2024, the Court confirmed this representation had not changed.  (Doc. 43 at 296.)

each offense charged – beyond a reasonable doubt. (*Id*. at 310.) Moving to the appellate waiver provision, Virden acknowledged the written provision and that he discussed his appeal rights with counsel. (*Id*. at 310-311.) Virden further acknowledged waiving his appeal rights except for two: (1) the right to appeal any sentencing exceeding the statutory maximums, and (2) the right to appeal a term of incarceration that exceeds 70 months.

Virden pleaded guilty to all counts. (*Id.* at 311-12.) The Court deferred acceptance of the plea agreement but found Virden fully competent and capable of entering informed pleas, that he was aware of and understood the consequences of his guilty pleas, and that his pleas were knowing and voluntary. (*Id.* at 312-13.)

### B. Presentence Report and Guidelines Calculation

The Presentence Report ("PSR") differed from the plea agreement in two respects. First, the plea agreement stipulated to a base offense level of 26. (Doc. 28 at 172.) However, pursuant to U.S.S.G. § 2D1.1(c)(5), the PSR determined the base offense level was 30. (Doc. 24 at 110.) And while the plea agreement did not include the two-level specific offense characteristic for maintaining a drug premises, the PSR did. (*See id.*; Doc. 28 at 172.)

Defense counsel timely objected to the PSR's base offense level and the additional two-levels for maintaining a drug premises (Doc. 24 at 130-31), and he submitted a sentencing memorandum further stating these objections (Doc. 26).

### C. Sentencing Hearing

At the beginning of the sentencing hearing, Virden acknowledged having sufficient time with his "counsel to read, review, and discuss the presentence report." (Doc. 41, Sentencing Tr., at 237.) After hearing from both counsel and the Probation Officer, the Court sustained Virden's objections to the PSR and found the offense level calculation in the parties' plea agreement was

consistent with the applicable Guidelines provisions.  (*Id*. at 238-39, 243-46; Doc. 27, Revised Final PSR, at 153.)  The base offense level was 26 and only one specific offense characteristic, that being the two-levels for possessing a firearm, applied.  (Doc. 41 at 246.)  With acceptance of responsibility, the total offense level was 25.  (*Id.* at 247.)

No objection was stated to Virden's criminal history calculation.  Virden's subtotal criminal history score placed him in Criminal History Category III.  (Doc. 27 at 153.)  The corresponding advisory Guidelines range was 70-87 months.  (*Id*. at 159; Doc. 41 at 247.)

At sentencing, defense counsel discussed a possible motion to suppress.  (Doc. 41 at 249-50.)  He explained that he and Virden discussed a possible Fourth Amendment challenge on staleness grounds.  (*Id*.)  Defense counsel stated: "[T]hat was going to be a suppression issue . . . [but] because of the resolution that we reached with the government, we did not do that."  (*Id*. at 250.)  Mr. Virden was invited to address the Court.  (*Id*. at 250-51.)  Virden acknowledged the opportunity, but he declined to speak and did not dispute his counsel's statement that Virden elected to forego a Fourth Amendment challenge to secure a favorable plea agreement.  (*Id*. at 251.)

The Court accepted the Rule 11(c)(1)(C) agreement and sentenced Virden to a term of incarceration of 70 months.  (*Id.* at 253.)  No direct appeal followed.

**D.      Virden's § 2255 Motion**

Three grounds for relief are stated.  (*See* Doc. 36.)  The first ground for relief alleges a Fourth Amendment violation because agents entered his parents' Akron residence pursuant to a "document warrant" and remained in the home while swearing out a "drug warrant" to a judicial officer "after they saw evidence."  (*Id*. at 205.)  The second ground for relief asserts the search was unlawful because agents did not initially enter with a "drug warrant."  (*Id*. at 206.)  The third

and final ground for relief challenges probable cause but does not specify which warrant was purportedly deficient. (*Id.* at 208.) At bottom, Virden's Motion centers on the fact that no suppression motion was filed nor *Franks* hearing requested.[4] (*Id.* at 206, 207, 209.)

In response to the form question about pursuing an appeal for each of the three grounds for relief, Virden states the following:

> Ineffective assistance of counsel. Fail[ure] to litigate my 4th amendment right in a timely manner suppression motion failed to file a Frank Hearing to validate search warrant. 09/05/2024 order, (n[o]n-document[] as to Matthew Virden(1) the court previously set a hearing for 09/12/2024 at 0900am, in the even[t] a motion to suppress w[a]s filed. No such motion was filed. Accordingly, the hearing is can[c]elled. Judge Bridget Me[e]han [Brennan] on 09/05/2024. Did not have knowledge to file motion. Failure to raise it at trial or on direct appeal, lack of understanding, waiver, or the claim not being cognizable on federal habeas corpus review.

(*Id.*)

The government's response provides important context. (*See* Doc. 44.) DEA agents sought and obtained federal search warrants for Virden's storage unit and the Akron residence. (*Id.* at 329.) The agents initially entered the Akron residence pursuant to a document warrant for evidence of drug proceeds. (*Id.*) In executing the search warrant, agents came upon a digital scale and residue. (*Id.*) "Agents then ceased searching and obtained a federal search warrant authorizing the search for narcotics." (*Id.*)

## II.    LAW AND ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner may petition to vacate, set aside, or correct the judgment of conviction and sentence based on claims that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction

---

[4] Virden also states the officers caused emotional distress, invaded his and his family members' privacy, and used excessive force. (*See* Doc. 36 at 205, 206, 208.) As the government correctly points out, not one of these is a basis for federal habeas relief. *See* 28 U.S.C. § 2255(a).

to impose such sentence," or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is therefore the petitioner's burden to demonstrate "'(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

*Pro se* § 2255 petitions are liberally construed. *McCormick v. Butler*, 977 F.3d 521, 528 (6th Cir. 2020). "But the liberal construction rule does not 'abrogate basic pleading essentials,' . . . such as the requirement that a § 2255 petitioner state the factual bases underpinning every claim for relief." *Jimenez v. United States*, No. 21-5201, 2022 WL 2610337, 2022 U.S. App. LEXIS 18863, at *8 n.3 (6th Cir. July 8, 2022) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Every criminal defendant is entitled to effective assistance of counsel during the plea and sentencing phases. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Claims of ineffective assistance of counsel, like those raised here, must be assessed using the *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed 2d 674 (1984), two-pronged framework. This is petitioner's burden. *Strickland*, 466 U.S. at 687. To meet this burden, Virden must establish both *Strickland* prongs by a preponderance of the evidence. *See United States v. Brown*, 957 F.3d 679, 690 (6th Cir. 2020).

The first *Strickland* prong requires a petitioner to establish his "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Meaning, in viewing the record as a whole, the alleged "acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. "Judicial scrutiny of counsel's performance

must be highly deferential" and evaluated from the perspective existing at the time of the representation, not from the perspective of hindsight.  *Id.* at 689.  The second *Strickland* prong requires demonstrated prejudice: "[t]he defendant must show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

A petitioner who pleaded guilty must demonstrate "an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea . . . ."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).  "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973), unless an ineffective assistance of counsel claim "attack[s] the voluntary or intelligent nature of his plea," *United States v. Stiger*, 20 F. App'x 307, 308-09 (6th Cir. 2001).  *See also Kotsonis v. United States*, No. 17-5099, 2017 WL 7310633, 2017 U.S. App. LEXIS 28111, at *6-7 (6th Cir. Sept. 12, 2017).

### A. Objective Reasonableness

As an initial matter, Virden's statement that he "[d]id not have knowledge to file [the] motion" to suppress is wholly contradicted by the record.  (Doc. 36 at 206, 207, 209.)  Virden and his counsel discussed filing a motion to suppress.  (Doc. 41 at 249-50.)  Defense counsel explained a possible challenge on staleness grounds.  (*Id.*)  The decision not to pursue a pretrial motion was made so that Virden could secure a favorable plea agreement.  (*Id.*)  This was plainly a strategic decision, not one borne of conduct "outside the wide range of professionally competent assistance."  *Strickland*, 466 U.S. at 690-91 ("strategic choices made after thorough

investigation of law and facts relevant to plausible options are virtually unchallengeable"). What is more, Virden did not dispute his counsel's statement that Virden was aware of his right to file a suppression motion but chose instead to accept the plea agreement.

While under oath, Virden admitted to his guilt and pleaded guilty to all charges. Virden's claim that he "lack[ed] understanding, waiver, or the claim not being cognizable on federal habeas review" is insufficient to challenge the voluntariness of his plea. (Doc. 36 at 206, 207, 209.) Even *pro se* litigants must present *facts* in support of their grounds for relief. Virden's conclusory statement is wholly unsupported. But even if it was sufficient to suggest he now challenges the voluntary and intelligent nature of his guilty pleas, the record demonstrates Virden read the entire plea agreement, reviewed it with counsel, initialed each page to signify his understanding and consent to the provisions on each page, and then, under oath, pleaded guilty after telling the Court the decision to plead guilty was his and his alone. Virden knowingly and voluntarily accepted the terms of the plea agreement and pleaded guilty to all counts. Virden forfeited his right to challenge the failure to file a non-jurisdictional pretrial motion, and his claim that defense counsel should have pursued such a motion is meritless. Accordingly, Virden has not shown that his counsel's representation was objectively unreasonable.

    **B. Prejudice**

To establish prejudice, Virden must demonstrate that "but for" defense counsel's alleged deficiencies, the result would have been different. *Strickland*, 466 U.S. at 694. Virden has failed to demonstrate prejudice for the following reasons.

First, Virden obtained a favorable plea offer from the government. The Court accepted the binding plea agreement and sentenced Virden to the 70-month term of incarceration to which he agreed.

Second, where the "failure to litigate a Fourth Amendment claim [] is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability [the proceedings] would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986).

Search warrant affidavits are presumed valid. *Franks v. Delaware*, 438 U.S. 154, 171, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). To overcome this presumption, Virden must demonstrate the magistrate judge's determination of probable cause "was arbitrarily exercised." *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000). Virden has made no such showing. The limited allegations in his Motion simply state the warrant was not supported by probable cause. (*See* Doc. 36 at 206, 208.) Nothing more. (*See id.*)

To be sure, defense counsel researched and discussed with Virden a possible Fourth Amendment challenge staleness grounds. (*See* Doc. 41 at 249-50.) As stated by defense counsel, two months passed between the controlled buy and the execution of the document warrant. (*Id.*) Virden has put forth no other facts or any legal authority in support of an argument that the two months alleged here would have warranted suppression of the evidence seized. Indeed, circuit cases suggest the opposite. *See United States v. Powell*, 603 F. App'x 475, 476-78 (6th Cir. 2015) (eight-month period did not render warrant stale when it "sought documentary and physical (but non-narcotic) evidence of drug and firearm offenses . . . ."); *United States v. Robinson*, 139 F. App'x 654, 658 (6th Cir. 2005) (warrant supported by financial transactions occurring "more than three months before the issuance of the search warrant" not stale since "criminal activity could reasonably be believed to be ongoing at that time").

Virden's related references to a *Franks* hearing are also insufficient. (*See* Doc. 36 at 206, 207, 209.) District courts hold evidentiary hearings to address challenges to the validity of a search warrant affidavit only if the defendant (A) makes "a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit;" and, if such a preliminary showing is made, (B) "the false statement or material omission [was] necessary" to establish probable cause. *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019) (citing *Franks*, 438 U.S. 154; *United States v. Young*, 847 F.3d 348-49 (6th Cir. 2017)); *United States v. Atkin*, 107 F.3d 1213, 1216-17 (6th Cir. 1997). The defendant's burden in making the substantial preliminary showing of a knowing falsehood in a search warrant is a heavy one. *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). Virden has made no allegation that the warrants contained deliberate falsehoods or statements demonstrating reckless disregard for the truth. *Id.* (citing *Franks*, 438 U.S. at 171).

Virden's scant allegations in support of his Motion do not support a finding that "but for" defense counsel's alleged failures the matter would have resolved differently. There is no information before the Court to find that a Fourth Amendment challenge had any merit. Moreover, Defense counsel dutifully researched possible Fourth Amendment challenges, discussed those with Virden, and pursued a favorable plea agreement – all with Virden's knowledge and consent.

### C. Evidentiary Hearing

An evidentiary hearing is not required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting

*Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). If the record demonstrates material facts are disputed, the "court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999) (citation omitted). This is the petitioner's burden. *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007); *see also Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018). To meet this burden, the petitioner must offer more than general assertions or allegations. *Id.* He must present "a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible.'" *Valentine*, 488 F.3d at 334.

As explained above, Virden has not demonstrated a disputed fact warranting an evidentiary hearing. An evidentiary hearing is not required, and the matter is hereby resolved on the written submissions.

### III. CONCLUSION

For the reasons stated herein, Defendant-Petitioner Matthew Virden's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 36) is DENIED. This case is terminated and dismissed as final. Pursuant to 28 U.S.C. § 2255(c) and Fed. R. App. P. 22(b), there is no basis on which to issue a certificate of appealability. The Court further certifies pursuant to 18 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: November 10, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE